IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MORGAN JEROME BURTON, JR., #185425, | ) | |
| Petitioner, | ) | |
| v. | ) | CASE NO. 3:25-cv-832-ECM |
| JOSEPH HEADLEY, *et al.*, | ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

*Pro se* Petitioner Morgan Jerome Burton, Jr. ("Burton") brings this habeas corpus action pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence for second-degree rape in the Circuit Court of Lee County, Alabama. (Doc. 1). Before the Court is the Magistrate Judge's recommendation that Burton's petition be dismissed without prejudice as a second or successive petition which lacks the requisite authorization pursuant to § 2244(b)(3)(A) or, alternatively, that the petition be denied as barred by the statute of limitations. (Doc. 15). The Magistrate Judge further recommends that Burton be denied a certificate of appealability. (*Id.* at 5). Burton timely filed objections to the Recommendation. (Doc. 16). After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and Burton's objections, the Court concludes that Burton's objections are due to be overruled, the Recommendation of the Magistrate

Judge is due to be adopted as modified, and Burton's petition is due to be dismissed without prejudice.

## II. LEGAL STANDARD

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,] . . . receive further evidence[,] or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[1]

## III. DISCUSSION

The Court has carefully reviewed Burton's objections. The Court fails to discern any specific objection to the Magistrate Judge's finding that his petition is second or

[1] While the Court recognizes that *Macort* is nonprecedential, the Court finds it persuasive.

successive and that he failed to obtain authorization from the Court of Appeals as § 2244(b)(3)(A) requires. The Court discerns no error, let alone clear error, in the Magistrate Judge's finding in this regard. Further, Burton's remaining objections are either general, conclusory, or do not change this Court's conclusion that his petition is due to be dismissed as second or successive. Consequently, Burton's objections are due to be overruled. The Court further finds, as the Magistrate Judge did, that Burton is not entitled to a certificate of appealability.

## IV. CONCLUSION

Accordingly, upon an independent review of the record, and for good cause, it is ORDERED as follows:

1. Burton's objections (doc. 16) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 15) is ADOPTED as modified;

3. Burton's petition is DISMISSED without prejudice for lack of authorization pursuant to 28 U.S.C. § 2244(b)(3)(A);

4. Burton is DENIED a certificate of appealability;

5. All other pending motions are DENIED as moot, and all pending deadlines are TERMINATED.

A separate Final Judgment will be entered.

DONE this 7th day of October, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE